*839 The judgment entered November 10, 1948, on the aforesaid order is vacated. Although the provision in the collective bargaining agreement that “ Any and all matters in dispute between the parties hereto arising out of this agreement” shall be submitted to arbitration would give the arbitrator authority to assess damages for breach of that agreement (Matter of General Footwear Corp. v. Lawrence Leather Co., 252 N. Y. 577), the arbitrator had no jurisdiction to assess damages for a breach of the individual employment agreements. The effect of the clause in the collective bargaining agreement giving the arbitrator jurisdiction to hear and determine complaints by employers of breaches by drivers of the negative covenants contained in the individual employment agreements was to insert in the individual agreements an arbitration clause that previously was not contained therein. Such jurisdiction given to the arbitrator was in addition to the determination of disputes arising out of the collective bargaining agreement, but such complaints did not become, by reason thereof, a dispute arising out of the collective bargaining agreement. That the parties intended the word “ complaints ” to have a different meaning from the phrase “ matters in dispute ” appears from the fact that different grievance procedure is provided where there is a “ complaint ” and where there is a " dispute.” Jurisdiction to determine the complaints mentioned did not include jurisdiction to assess damages for violation of the covenants contained in the individual employment agreements. , To hold otherwise would mean that, whereas the individual employment agreement which contained the negative covenant provided that the money damages resulting from the breach of that covenant should be limited to the $200 deposit, by submission of the complaint of breach of that covenant to arbitration the arbitrator had power to assess damages not subject to that limitation. It does not appear why the claim by Shampaner was denied by the arbitrator, but the disallowance of his claim was not objected to by Shampaner on the motion to confirm the award, nor did Shampaner move to modify or vacate any part of the award. Johnston, Acting P. J., Sneed and MacCrate, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum: subdivision (c) of-article 22 of the collective bargaining agreement gave the impartial chairman jurisdiction to hear and determine complaints by the employer of breaches of the negative covenants contained in the individual agreements between the employer and employees, which agreements were to remain in “ full force and effect ”. I do not conceive that it was intended by the parties that the impartial chairman might decide whether breaches of such covenant existed but that the damage arising from such breaches would have to be determined by some other tribunal. As to present employees, there may be a differentiation between the words “ complaint ” and “ dispute ”, but I can draw no distinction between the words where a breach of the negative covenant in the individual contracts is concerned. The relationship of employer and employee has terminated and there could be no point in providing that the breaches of such covenants might be referred to an impartial chairman if he lacked power to .grant the affirmative relief contemplated by the terms of the contract. The power of the arbiter to grant relief includes the power to determine and award damages. (Matter of General Footwear Corp. v. Lawrence Leather Co., 252 N. Y. 577; Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284.) Adel, J., concurs with Wenzel, J.